UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAMONA BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:14-cv-01617-RLY-DML |
| | ) |
| TRUSTWORTHY LAND TITLE CO., | ) |
| INC. and COLUMBIA TITLE, INC., | ) |
| | ) |
| Defendants. | ) |

Report and Recommendation on the Entry of Default Judgment

Plaintiff Ramona Baker settled her claims against defendant Columbia Title, Inc., and obtained an entry of default on her claims against defendant Trustworthy Land Title Co. Inc. (hereafter, "Trustworthy Title"). An evidentiary hearing was held before the magistrate judge on November 12, 2015, on the plaintiff's damages against Trustworthy Title. *See* Fed. R. Civ. P. 55(b)(2) (permitting the court to conduct a hearing when a determination of the amount of damages is necessary before entering a default judgment).

Ms. Baker appeared in person and by counsel at the hearing, and put on evidence of her damages. Trustworthy Title did not appear at the hearing, has never appeared in the litigation, and has not engaged in any conduct to indicate an intent to defend Ms. Baker's complaint against it. Following the hearing, Ms. Baker's counsel filed her motion for an award of attorneys' fees under 42 U.S.C. § 12205, which permits an award of reasonable attorneys' fees, expenses, and costs to a prevailing party in an action under the Americans with Disabilities Act.

I. **Ms. Baker proved her entitlement to damages.**

Because an entry of default was made against Trustworthy Title, the allegations of Ms. Baker's complaint relating to liability are taken as true, though she is required to prove her damages. *See In re Catt,* 368 F.3d 789, 793 (7th Cir. 2004) (after entry of default, plaintiff must still establish his entitlement to relief and introduce evidence of damages; a complaint's allegations of damages are not deemed to be true); *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983) (internal citation and quotation omitted) ("Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.")

Ms. Baker's complaint alleged Trustworthy Title was her employer, for whom she had worked as a title examiner and closer. She had first worked for Trustworthy Title in 2005 and after a hiatus began working again for the company in March 2013. She claimed Trustworthy Title terminated her employment on October 12, 2013, because of her disability or perceived disability, in violation of the Americans with Disabilities Act, as amended, at 42 U.S.C. § 12101 *et seq.* (hereafter, the "ADA"). The day before she was terminated, Ms. Baker had provided her employer with a detailed update about a serious health condition she was experiencing.

The ADA allows a plaintiff who, like Ms. Baker, proves her employer discriminated against her based on her disability to many of the same remedies available under the 1964 Civil Rights Act, as amended by the 1991 Civil Rights Act.

*See Kramer v. Banc of America Securities, LLC,* 355 F.3d 961, 964-65 (7th Cir. 2004) (describing remedies available under the ADA for non-retaliation claims and the statutory sources of those remedies). The remedies include equitable relief, such as back pay and front pay, and include compensatory and punitive damages. *Id.* "'Back pay' is very similar to 'lost wages' in a tort or contract suit under state law, and 'front pay' is like lost future income." *Pals v. Schepel Buick & GMC Trust, Inc.,* 220 F.3d 495, 501 (7th Cir. 2000). Front pay is a remedy in lieu of reinstatement and compensates the plaintiff for wages and benefits she would have received had she been reinstated and for the length of time she reasonably would be expected to continue to work for the defendant. *See Bruso v. United Airlines, Inc.,* 239 F.3d 848, 862 (7th Cir. 2001). Front pay and back pay are separate from "compensatory" damages.

Under 42 U.S.C. § 1981a(2), compensatory and punitive damages are recoverable against a defendant who, in violation of 42 U.S.C. § 12112, discriminated against a qualified individual on the basis of disability in regard to termination of employment. Compensatory damages are pecuniary losses shown to have been proximately caused by the unlawful discriminatory conduct, and noneconomic losses such as damages for pain and suffering, loss of enjoyment, and mental anguish. *See* 42 U.S.C. § 1981a(b)(3). Punitive damages are awardable where the employer "acted with 'malice' or 'reckless indifference' toward the employee's rights" under the ADA. *EEOC v. AutoZone, Inc.,* 707 F.3d 824, 835 (7th Cir. 2013).

## A. Back Pay

Ms. Baker testified that her annual salary at Trustworthy Title was $38,000, and she occasionally worked overtime hours for which she earned additional income. Ms. Baker was not able to find a new job with as high a salary, and took a position in mid-May 2014 at an annual salary of $35,000. She also received approximately $9,000 in unemployment benefits after her termination. Based on this data, Ms. Baker calculated her back pay, or lost wages, as $26,778.19. The court finds this amount is supported by the evidence, and Ms. Baker should be awarded $26,778.19 as a back pay award.

## B. Front Pay

Trustworthy Title apparently is no longer in business and thus reinstatement is not an appropriate remedy. In lieu of reinstatement, Ms. Baker requested $1,249.82 as a front pay award. The court finds this amount is reasonable and supported by the evidence.

## C. Compensatory and Punitive Damages

Ms. Baker requested an award of $35,000 representing both compensatory and punitive damages. Her testimony regarding the circumstances surrounding her termination convinces the court that both compensatory and punitive damages are appropriate. Her employer terminated her, without explanation, but immediately on the heels of her giving the employer a detailed update about a serious health condition she was experiencing. Ms. Baker had learned that cancer may have

spread in her body. The evidence gives rise to an inference Trustworthy Title knew or perceived Ms. Baker to be disabled and terminated her on that basis. Her termination dealt a devastating blow, both in pecuniary and non-pecuniary ways. She was forced to borrow money to pay her bills and her general health declined. She experienced chest pains and bouts of depression, for which she required hospitalization, but she could not afford regular professional help to treat her depression and the emotional upheaval caused by the abrupt termination of her employment. Ms. Baker's request for an award of $35,000 as compensatory and punitive damages is reasonable and supported by the evidence.

The magistrate judge recommends that Ms. Baker be awarded equitable back pay and front pay and compensatory and punitive damages in the total amount of $63,028.01.

## II. There is insufficient basis to credit against the damages Ms. Baker's settlement with defendant Columbia Title, Inc.

Because Ms. Baker had reached a monetary settlement with defendant Columbia Title, Inc., whom she had alleged was a successor to Trustworthy Title, the court asked her to submit briefing about the effect, if any, of that settlement on a default judgment against Trustworthy Title. She has done so, and addresses the one-satisfaction rule. That doctrine is used to prevent a plaintiff from being compensated in excess of her losses. *See BCS Services, Inc. v. BG Investments, Inc.*, 728 F.3d 633, 641 (7th Cir. 2013).

Borrowing from case law applying Indiana's Comparative Fault Act, Ms. Baker contends the one-satisfaction rule should not apply at all. The Comparative

Fault Act is designed to limit a defendant's liability to only that proportion of a plaintiff's damages for which it is found to be at fault. The Act requires a trier of fact to determine the percentage of fault of all parties, and of non-parties that a party-defendant contends may also be responsible for the plaintiff's injuries or damages. A finder of fact's determination of each party's and non-party's fault allocation ensures that a plaintiff is not awarded the same common damages against different parties for which an offset may be appropriate. In contrast, the ADA does not require the trier of fact to apportion liability among parties and non-parties based on fault, and thus the court does not agree with Ms. Baker that Comparative Fault Act non-party principles could have any application here.

The court does conclude, however, that Trustworthy Title itself must raise any issue whether set-off is appropriate because of Ms. Baker's earlier settlement with Columbia Title, Inc. It has not done so. The court will leave to Trustworthy Title the tasks to demonstrate that the one-satisfaction rule can or should apply, has not been waived, and the amount of common damages for which any set-off might be appropriate.

### III.  Ms. Baker is entitled to an award of attorneys' fees and costs.

As the prevailing party, Ms. Baker is entitled under 42 U.S.C. § 12205 to an award of attorneys' fees and costs. She seeks an award of fees of $19,820.00 and costs of $444.02.

### A. Attorney's Fees

A reasonable attorneys' fee is generally determined by multiplying (a) a reasonable hourly rate by (b) the number of hours reasonably expended on the litigation. *E.g., Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Ms. Baker's motion for fees is supported by an affidavit of her counsel and an itemization of the services rendered and the amount of time her lawyers expended in providing legal services for this case and the related administrative proceedings. The affidavit states that the hourly rate of $400 for Mr. Haskin is a billing rate he has used for more than seven years, and the hourly rates for the other attorneys (from $300 to $350) are consistent with rates charged on cases of a similar nature for practitioners in the community with similar experience.

A reasonable hourly rate for an attorney is presumptively that rate the attorney actually charges and receives in the marketplace from paying clients. *Mathur v. Board of Trustees,* 317 F.3d 738, 743 (7th Cir 2003). The court assumes Mr. Haskin's reference to his billing rate is a rate actually billed and received from some paying clients. The plaintiff also submitted an expert's affidavit that the rates for the other lawyers are reasonable and are comparable to those of other lawyers in the community with similar practices. Based on this evidence and the fact Trustworthy Title presented no contrary evidence, the court approves the use of the rates requested by counsel and finds they are reasonable.

The court now turns to the time entries provided by the plaintiff. A lawyer seeking to recover his fees is expected to use billing judgment, and should only seek

7

compensation for hours that he reasonably would have billed to a paying client. *Hensley,* 461 U.S. at 434 ("Hours that are not properly billed to one's *client* are not properly billed to one's *adversary* pursuant to statutory authority.") The court has reviewed the time entries and does not conclude that any of the entries reflect excessive or unnecessary legal work in the prosecution of Ms. Baker's claims against Trustworthy Title, both at the administrative level and in this court. None of the entries appears to include work *solely* attributable to claims against Columbia Title, for which Trustworthy Title should not be required to pay. The court finds that the plaintiff has established the fee request is based on hours reasonably expended on the litigation.

The magistrate judge therefore recommends an award of attorneys' fees of $19,820.00.

### B. Costs

The magistrate judge also recommends that the court award costs to Ms. Baker in the amount of $444.02, as reflected on her bill of costs at Dkt. 47-4. The costs include the filing fee and postage and copying charges, and are reasonable in amount.

### Conclusion

Based on the foregoing, the magistrate judge recommends that the district judge GRANT Ms. Baker's motion for attorneys' fees and costs (Dkt. 47) and her motion (Dkt. 32) for the entry of a default judgment against defendant Trustworthy Land Title Co., Inc., and enter a default judgment in the total amount of

**$83,292.02**, consisting of $62,028.01 in damages, $19,820.00 for attorneys' fees, and $444.02 for costs.

Any objections to this report and recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections within 14 days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure. The parties should not anticipate any extension of this deadline or any other related briefing deadlines.

The clerk is directed to serve Trustworthy Title at the below-listed address, which is the address for the company shown on records available through a business entity search on the website of the Indiana Secretary of State. Trustworthy Title has not provided any other address at which it can be served.

IT IS SO RECOMMENDED.

So ORDERED.

Dated: December 9, 2015

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system

Via United States mail:

Trustworthy Land Title Co., Inc.
7440 N. Shadeland Avenue, Suite 200
Indianapolis, IN 46250

9